FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 0 3 2003

_____
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                              Civ. 03-0767 JB[1]/RLP
                              CR-02-1101 MV

DAVID VALLES, JR.

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[2]

1.     This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant, who is currently incarcerated, was indicted on July 1, 2002 and charged with possession with intent to distribute less than 50 grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count I); and a violation of 18 U.S.C. § 924(c)(1)(A)(i), possession of a firearm during and in relation to a drug trafficking crime (Count II). Count I carried a maximum term of 20 years' imprisonment and Count II carried a minimum mandatory term of five years' imprisonment.

---

[1] The case was reassigned from Chief Judge Vazquez to Judge Browning on August 27, 2003 [Doc. 8].

[2] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



2. Pursuant to a plea agreement, Defendant pled guilty to Count II in return for Count I being dismissed. He was sentenced to the agreed-upon term of five years' imprisonment.

3. Defendant's § 2255 Motion alleges ineffective assistance of counsel and violation of his right to due process. He alleges that counsel failed to object to the presentencing report, which he contends lists prior felonies; and failed to offer mitigating factors for a reduction in his sentence. His claim of violation of due process merely states that he was not afforded that constitutional protection.

4. Claims of ineffective assistance of counsel are analyzed under the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the defendant must prove both that counsel's errors were of a constitutional magnitude and that but for counsel's errors, the result of the proceeding would have been different. Id. at 687.

5. The standard for assessing ineffective assistance of counsel claims in a plea context is set forth in Hill v. Lockhart, 474 U.S. 52 (1985):

> The Court held that a prisoner challenging a guilty plea because of ineffective assistance satisfies the prejudice inquiry by showing that the constitutionally ineffective performance "affected the outcome of the plea process. In other words . . . that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting Hill, 474 U.S. at 59) (emphasis and ellipses by the court), cert. denied, 534 U.S. 1140 (2002).

6. Defendant's arguments are without merit. The presentencing report does not show any convictions for prior felonies; the sentence received was not "enhanced" for prior

felonies; and Defendant received the minimum sentence of five years for Count II. Because five years was the statutory minimum, and the agreed-upon sentence, no mitigating factors needed to be offered.

7.   The court discussed the plea agreement with the Defendant in open court and Defendant agreed he had conferred with counsel and was aware of all of its provisions and that he understood that he was being sentenced to five years for Count II, and that he had discussed the presentencing report with counsel.   Defendant cannot meet either element of *Strickland* or *Hill* and this claim must be denied.

8.   Defendant fails to state a factual basis for his due process claim. Conclusory allegations are insufficient to support a constitutional violation. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Having reviewed the record submitted, the court finds that the plea colloquy in open court indicates that Defendant's plea was knowing and voluntary. *Laycock v. State of New Mexico*, 880 F.2d 1184, 1185 (1989).

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be denied and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

3